BEFORE THE SECOND DIVISION, MAY 19,1941

**No. 45848.**—Protest 975030–G of New York Mdse. Co., Inc. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 43372 the tape measures in question were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 45849.**—Protests 57544–K, etc., of American Merchandise Co., Inc., et al. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstracts 43372 and 42749 the tape measures and dime savings banks in question were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 45850.**—Protests 813963–G, etc., of Ritter Carlton Co. (New York).

Opinion by DALLINGER, J. It was stipulated that the pencil sharpeners in question are similar to those the subject of Abstract 41633. The claim at 40 percent under paragraph 339 was therefore sustained.

**No. 45851.**—Protest 660769–G of John Guth (New York).

Opinion by DALLINGER, J. On the agreed facts the flasks in question were held dutiable as hollow ware at 40 percent under paragraph 339. Abstract 40514 followed. On the record it was found that the plaintiff failed to prove that the tape measures or rules in question are chiefly used in homes. It was held that the tape measure, which consists of a steel case with a flexible steel band enclosed, is properly dutiable under the *eo nomine* provision for rules in paragraph 396, Tariff Act of 1930, at 35 percent. As to these items the protest was overruled without affirming the action of the collector.

**No. 45852.**—Protests 57526–K, etc., of American Merchandise Co., Inc., et al. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 40863 and *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) the oilcans and paper weights in question were held dutiable at 40 percent under paragraph 339 as claimed.